HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BITTITAN, INC., a Washington corporation,

Plaintiff,

v.

JOHN DOE, an individual, and <bit-titan.com>, an internet domain name,

Defendants.

2:17-cv-00046-JLR

PLAINTIFF BITTITAN, INC.'S *EX PARTE* MOTION FOR LEAVE TO SEEK THIRD PARTY DISCOVERY TO LEARN DEFENDANT'S IDENTITY

NOTE ON MOTION CALENDAR: February 15, 2017

Almost seven years after Plaintiff BitTitan, Inc. ("BitTitan") began using the BITTITAN mark (the "Mark") in connection with its business, cloud services enablement for managed service providers, Defendant Doe registered the domain name bit-titan.com (the "Domain Name") with the intention of infringing BitTitan's Mark and with the intention to sell or unjustly profit from the Domain Name.

BitTitan does not know the identities of the person or persons responsible for improperly registering the Domain Name. Through its investigations, BitTitan has discovered that the registrant of the Domain Name is an entity called Privacy Protect, Inc. ("Privacy Protect"), which offers a service by which it replaces publicly available contact information in the WHOIS database of domain name registrations with alternate contact information to conceal the domain holder's true identity.

//

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

To pursue its claims for violation of the Anticybersquatting Consumer Protection Act, 15 USC § 1125(d), BitTitan must serve subpoenas on the domain name registrars VeriSign, Inc., PDR Ltd. d/b/a PublicDomainRegistry.com, on Privacy Protect, and other third parties who offer domain name registration or privacy services and who may have knowledge of Defendant Doe's true identity. BitTitan now moves the Court for an order under Fed. R. Civ. P. 26(d) authorizing limited expedited discovery for BitTitan to issue third-party discovery before a Rule 26(f) conference to learn the identity or identities of the Defendant Doe that is responsible for unlawfully registering the Domain Name.

**FACTS**

BitTitan provides cloud services enablement services and technologies. (Declaration of Amelia Swan ("Swan Decl.") Decl. ¶ 3.) It delivers solutions that help partners sell, onboard, and service cloud technology. (Swan Decl. ¶ 3.) On March 31, 2009, BitTitan began using the BITTITAN Mark in connection with cloud services enablement for managed service providers. (Swan Decl. ¶ 5.) In 2006, BitTitan registered the domain name <bittitan.com> with the registrar GoDaddy.com, LLC. (Swan Decl. ¶ 4.) In 2013, BitTitan registered BitTitan as a Trademark. (Swan Decl. ¶ 6.)

Since it began using the Mark, BitTitan has established itself as the foremost provider of cloud services enablement. (Swan Decl. ¶ 7.) It has spent hundreds of thousands of dollars to establish and promote its brand and services and received a significant amount of name recognition, including recent and positive publicity regarding its strategic partnerships with other technology companies like DropBox, Inc., its generation of significant venture capital funding, and its launch of data migration products with Microsoft. (Swan Decl. ¶ 8.) BitTitan has also invested many hours building goodwill in the BitTitan Mark. (Swan Decl. ¶ 9.) Because of BitTitan's efforts, individuals and businesses recognize the BitTitan Mark as distinctive. (Swan Decl. ¶ 10.)

Almost seven years after BitTitan began using the BITTITAN Mark, Defendant Doe registered the Domain Name <bit-titan.com>. (https://whois.icann.org/en/lookup?name=bit-

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

titan.com). Defendant Doe registered the Domain Name with the registrar PublicDomainRegistry.com, a registrar based in the United Arab Emirates. (http://www.whois.com/whois/publicdomainregistry.com). Defendant Doe deliberately concealed his, her, or its identity when he registered the Domain Name by using an Australian entity called Privacy Protect, which replaced his, her, or its contact information in the WHOIS database with alternate contact information. (https://whois.icann.org/en/lookup?name=bit-titan.com).

Given Plaintiff BitTitan's widespread name recognition and its position as a leading technology firm within its market, BitTitan believes that Defendant Doe illegally registered the Domain Name with the intention of infringing BitTitan's Mark and with the intent of selling the Domain Name registration, thereby causing damage to BitTitan. (Swan Decl. ¶ 12.)

Upon its discovery of the Domain Name, BitTitan reviewed the WHOIS registry to identify the registrant of the Domain Name. (Swan Decl. ¶ 13.) BitTitan has attempted to contact Privacy Protect to obtain contact information for John Doe, but its attempts to obtain this information have been unsuccessful. (Swan Decl. ¶ 16.) Despite its due diligence, BitTitan has been unable to find a specifically identifiable person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(2)(A)(i)(I). (Swan Decl. ¶ 18.)

**LEGAL AUTHORITY**

BitTitan will be unable to identify Defendant Doe and serve him, her, or it with the summons and complaint in this case unless this Motion is granted. Rule 26(d) permits this Court to authorize discovery "before the parties have conferred as required by Rule 26(f)" in appropriate circumstances. Fed. R. Civ. P. 26(d). In this case, expedited discovery is required so that BitTitan can learn the true identity or identities of Defendant Doe(s).

Courts in this district have held that discovery before a Rule 26(f) conference may be granted "upon a showing of good cause." *Cobbler Nevada, LLC v. Does 1-10*, Case No. 15-cv-1408-RSM, 2015 U.S. Dist. LEXIS 121063 at *7 (W.D. Wash. Sept. 10, 2015). *See also Music Grp. Macao Commer. Offshore Ltd. v. Doe*, No. 14-cv-621 RSM, 2014 U.S. Dist. LEXIS 185222

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

(W.D. Wash. July 18, 2014). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

In internet infringement cases, courts routinely permit early discovery for the limited purpose of identifying "Doe" defendants on whom process could not otherwise be served. *See, e.g., Bright Solutions for Dyslexia, Inc. v. Doe 1 aka Marcus Lee,* 2015 U.S. Dist. LEXIS 117252 at *2-3 (N.D. Cal. Sept. 1, 2015); *The Thompsons Film, LLC. v. Does* 1-194, Case No. 2:13-cv-00560-RSL (W.D. Wash. Apr. 1, 2013) (allowing early discovery from internet service providers because plaintiff cannot otherwise identify Doe defendants); *Digital Sin, Inc. v. Does 1-5698*, 2011 U.S. Dist. LEXIS 128033 (N.D. Cal. 2011) (granting leave to subpoena internet service provider to identify Doe defendant); *AF Holdings LLC v. Does 1-97*, 2011 U.S. Dist. LEXIS 78636 (N.D. Cal. 2011); *Malibu Media, LLC v. John Does 1-23*, 2012 U.S. Dist. LEXIS 48107 (D. Co. 2012); *Cottrell v. Unknown Correctional Officers*, 1-10, 230 F.3d 1366, *1 [published in full-text format at 2000 U.S. App. LEXIS 21969] (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "[W]here the identity of the alleged defendant[][is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

The need for expedited discovery is particularly acute where, as here, the unidentified defendant has deliberately concealed his or her identity, and where the unidentified defendant(s) appears to be located overseas. "Courts have allowed expedited discovery in cases, such as this one, when the identity of the infringing defendant is masked by the defendants' use of technology or third parties to hide their true identities." *United Pet Group, Inc. v. John Does*, Case No. 4:13-cv-01053-AGF, 2013 U.S. Dist. LEXIS 117677 at *2-3 (E.D. Mo. Aug. 20, 2013)

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

(authorizing expedited subpoenas against Amazon); a*ccord GP Int'l, LLC v. Roidstudio, et al.*, No. C-11-04690 DMR, 2011 U.S. Dist. LEXIS 132994 at *1-2 (N.D. Cal. Nov. 16, 2011) (authorizing expedited subpoenas against Amazon to learn basic identifying information to effect service on defendants). *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13-cv-2167, 2013 U.S. Dist. LEXIS 47248 (N.D. Ill. Mar. 27, 2013) (Finding good cause to allow for expedited discovery of financial accounts and related banking information because the defendants in that case were located overseas and deliberately concealed their identities to avoid detection). Plaintiff BitTitan has diligently attempted to identify and locate each Defendant, but Defendant's use of anonymizing services has prevented BitTitan from obtaining the information it needs to proceed with the case.

"Obviously, a plaintiff cannot have a discovery planning conference with an anonymous defendant. It follows that the discovery the [plaintiffs] are entitled to conduct to identify the defendant must take place before the discovery planning conference because such information will permit the [plaintiffs] to identify John Doe and serve the defendant[.]"). *UMG Recordings, Inc. v. Doe*, Case No. 08-cv-03999-RMW, 2008 U.S. Dist. LEXIS 79700 at *2 (N.D. Cal. Sept, 4, 2008).

In deciding a motion for expedited discovery to learn the identity of John Doe defendants, a court examines whether the plaintiff: (1) identifies the John Doe with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) proves that discovery is likely to lead to identifying information that will permit service of process. *Cobbler Nevada, LLC*, 2015 US Dist. LEXIS 121063 at *8. In this case, all four of the factors enumerated in *Cobbler Nevada, LLC* weigh in favor of granting expedited discovery for the purpose of learning the identity of the Defendant Doe.

//

//

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

//

**A. Good cause exists for allowing early discovery**

**1. Defendants are real people**

To register the domain name, arrange for hosting of the website, and register for Privacy Protect's services, Defendant must be a real person or company whose identity can be determined.

**2. BitTitan has taken reasonable steps to ascertain Defendants' identities**

As outlined in Amelia Swan's declaration, BitTitan has done all it can to identify the Doe who registered the Domain Name, including:

- Attempting to identify the registrant of the Domain Name through the WHOIS registry of domain names.
- Attempting to identify the registrant of the Domain Name by contacting Privacy Protect, the entity listed as the registrant on the WHOIS registry.
- Attempting to identify the registrant of the Domain Name through the contact information provided on bit-titan.com.

In short, BitTitan has done as much as it can do on its own to determine the identity or identities of the Domain Name registrants.

**3. BitTitan's claims would survive a motion to dismiss**

BitTitan's Complaint alleges claims for violation of the Anticybersquatting Consumer Protection Act, 15 USC § 1125(d) and the *In Rem* Anticybersquating Consumer Protection Act ("ACPA") (15 U.S.C. § 1125d). Both claims would survive a motion to dismiss.

In order to establish liability under the ACPA for cybersquatting, a plaintiff must prove that "(1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted 'with bad faith intent to profit from that mark.'" *DSPT Int'l, Inc. v. Lucky Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (quoting 15 U.S.C. § 1125(d)(1)(A).) BitTitan has properly pled

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

the elements of its ACPA claim.

//

**a) Registration and Use of Domain Name**

BitTitan alleged that Defendant Doe registered the Domain Name bit-titan.com, on September 9, 2016. (Dkt. 2 ¶ 11.) BitTtan has therefore adequately pled the first element of its ACPA claim.

**b) Defendant's Domain Name is Confusingly Similar to the BitTitan Mark**

To establish the second element, a plaintiff must show that it had a mark that was "distinctive at the time of registration of the domain name," and the defendant's domain name is "identical or confusingly similar to that mark." 15 U.S.C. § 1125(d)(1)(A)(ii). A trademark registration is prima facie evidence that the trademark is distinctive. *See Tie Tech, Inc. v. Kinedyne Corp*., 296 F.3d 778, 782 (9th Cir. 2002). BitTitan owns and owned federal trademark registration for the mark BITTITAN before the Domain Name was registered on September 9, 2016. (Swan Decl. ¶ 6.) The Domain Name, bit-titan.com, contains and is confusingly to the Mark. BitTitan has therefore also properly pled the second element of its ACPA claim.

**c) Defendants' Bad Faith**

BitTitan alleges that the Domain Name was illegally registered by Defendant Doe with the intent to profit from its infringement upon BitTitan's Mark and with the intent to sell the Domain Name. (Dkt. 2 ¶ 25.) Moreover, Defendant Doe deliberately concealed his or her identify by listing Privacy Protect as the registrant of the Domain Name. (Swan Decl. ¶ 14.) Defendant's anonymous registration with a confusingly similar mark evidences the Defendant's bad faith. BitTitan has therefore adequately pled the third element of its ACPA claim.

**4. Discovery is likely to lead to the true identities of Defendants**

VeriSign, PDR Ltd., and Privacy Protect are all businesses that have information that can lead to the identity of the Defendant Does. Each of these businesses provided the Defendant Doe with services that enabled the Defendant Doe to illegally obtain the Domain Name without revealing his or her true identity. Several of these businesses have contractual relationships with

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Defendant Doe and almost certainly maintain records that would identify Defendant Doe's true

//

name and address, or information that will further BitTitan's efforts to obtain Defendant Doe's true name and address.

**CONCLUSION**

BitTitan respectfully requests leave to serve subpoenas on VeriSign, Inc., PDR Ltd., Privacy Protect, Inc., and other entities who offer domain name registration or privacy services and who may have knowledge of Defendant Doe's true identity. Doing so would enable BitTitan to serve Defendant Doe with the summons and complaint in this matter, amend its complaint to replace the fictitious name with Defendant Doe's true name, and join the proper parties in this case.

DATED: February 16, 2017

Respectfully Submitted,

**FOCAL PLLC**
By: *s/ Garrett Heilman*
By: *s/ Venkat Balasubramani*
Garrett Heilman, WSBA #48415
Venkat Balasubramani, WSBA #28269
900 1st Ave. S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
venkat@focallaw.com
garrett@focallaw.com

Attorneys for Plaintiff BITTITAN, INC.

PLAINTIFF BITTITAN, INC.'S *EX PARTE* MOTION FOR LEAVE TO SEEK THIRD PARTY DISCOVERY – 8
(No. 2:17-cv-00046-JLR)

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966