UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BITTITAN, INC., <br><br> Plaintiff, <br> v. <br><br> MATRIX ELEMENTS LTD., <br><br> Defendant. | CASE NO. C17-0046JLR <br><br> ORDER GRANTING MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS |

## I. INTRODUCTION

Before the court is Plaintiff BitTitan, Inc.'s ("BitTitan") motion to authorize alternative service of process on Defendant Matrix Elements Ltd. ("Matrix") pursuant to Federal Rule of Civil Procedure 4(f)(3). (Rule 4(f) Mot. (Dkt. # 11).) The court has considered the motion, all submissions filed in support thereof, the balance of the record, and the applicable law. Being fully advised, the court GRANTS BitTitan's motion to authorize alternative service.

//

ORDER - 1

## II. BACKGROUND

On January 11, 2017, BitTitan filed an action to stop the defendant, named at the time as John Doe, from cybersquatting and "to obtain compensation for the harm Doe has caused BitTitan." (Compl. (Dkt. # 2) ¶ 7.) BitTitan alleges that "Doe registered the Domain Name [bit-titan.com] on September 9, 2016," but had no right to the BitTitan trademark. (*Id.* ¶¶ 4-5.)

BitTitan originally commenced this lawsuit against "John Doe" because it did not know the identity of the person or persons responsible for improperly registering the domain name. (3d Party Disc. Mot. (Dkt. # 6) at 1.) The court granted BitTitan leave to seek third party discovery to learn Defendant's identity. (2/21/2017 Order (Dkt. # 7).) In April, after learning Matrix's identity, BitTitan emailed a letter to Matrix to request Matrix cease and desist its use of bit-titan.com. (Heilman Decl. (Dkt. # 12) ¶ 7, Ex. C.) Matrix did not respond to the email. (*Id.* ¶ 8.) On May 5, 2017, BitTitan filed an amended complaint and a motion for alternative service. (*See generally* Dkt.) In its amended complaint, BitTitan names Matrix as the defendant. (*See* Am. Compl. (Dkt. # 9) at 1.) In its motion, BitTitan requests the court authorize service on Matrix by international mail and email under Federal Rule of Civil Procedure 4(f)(3). (*See generally* Rule 4(f) Mot.) The court now turns to BitTitan's motion.

## III. ANALYSIS

BitTitan seeks an order authorizing service by: (1) international mail to Matrix's address at 1½ miles, Northern Highway, P.O. Box 1922, Belize City, Belize 1922; and (2) email to matrixelements.ltd@gmail.com. (*Id.* at 2.) BitTitan argues that authorizing

service via international mail and email comports with Federal Rule of Civil Procedure 4(f)(3) and due process. (*Id.* at 3-4.)

A.  **Service Under Federal Rule of Civil Procedure 4(f)(3)**

Federal Rule of Civil Procedure 4(h) governs international service of process on foreign businesses. Fed. R. Civ. P. 4(h). Rule 4(h) authorizes service of process in the same "manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." *Id.* Thus the court analyzes Rule 4(f), which outlines the acceptable methods for serving an individual in a foreign country. *See* Fed. R. Civ. P. 4(f).

Rules 4(f)(1) and 4(f)(2) provide specific manners of serving process on individuals in foreign countries.[1] Rule 4(f)(3) allows international service by a method not listed in Rule 4(f)(1)-(2) if the method is "not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Thus, proper service of process through Rule 4(f)(3) must be directed by the court and not prohibited by international agreement. *See id.*; *RioProperties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). Service of process under Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief,'" but rather "one means among several which enables service of process on an international defendant." *RioProperties*, 284 F.3d at 1014-15. "[C]ourt-directed service under Rule

---

[1] Federal Rule of Civil Procedure 4(f)(1) allows service of process of a foreign defendant "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Federal Rule of Civil Procedure 4(f)(2) allows service of process on a foreign defendant "if there is no internationally agreed means," by a method that is reasonably calculated to give notice as prescribed by the foreign country's law for service; directed by a foreign authority; or, unless prohibited by the country's law, by delivering the summons and complaint to the defendant personally or using any form of mail that the clerk addresses and sends, requiring a signed receipt. Fed. R. Civ. P. 4(f)(2).

ORDER - 3

4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . . Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id.* at 1015.

Under Rule 4(f)(3), trial courts have authorized a wide variety of alternative methods of service, including "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016.[2] When a defendant is located within a country that is a signatory of the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"), the method of service on the defendant must not be prohibited by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(3). The Ninth Circuit has concluded that the Hague Convention does not prohibit service of process by international mail so long as the relevant member country does not object to that method of service. *See Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004) ("[W]e join the Second Circuit in holding that the Hague Convention allows service of process by international mail."). Several courts also hold that service by email is not prohibited by the Hague Convention. *See Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 WL 1140639, at *1-2 (N.D. Cal. Apr. 17, 2007); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (collecting

---

[2] *See also Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (allowing service by ordinary mail); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email).

ORDER - 4

cases in which courts held that service by email did not violate the Hague Convention).

Matrix is a Belizean partnership (Resp. at 1; Heilman Decl. ¶ 5), and Belize is a non-member signatory of the Hague Convention, *see Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Apr. 26, 2017). Belize has not objected to the provision of the Hague Convention that allows service of process via international mail. *Table Reflecting Applicability of Articles 8(2), 10(a)(b) and (c), 15(2) and 16(3) of the Hague Service Convention*, Hague Conference on Private International Law (Dec. 2015), https://assets.hcch.net/docs/6365f76b-22b3-4bac-82ea-395bf75b2254.pdf. Additionally, the Southern District of Florida has held that service by email to an entity located in Belize does not violate the Hague Convention. *Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1359 (S.D. Fla. 2015). The court thus finds that service of process through international mail and email is proper pursuant to Rule 4(f)(3).

**B.     Reasonableness of BitTitan's Requested Methods of Service**

Even where a method of service of process is proper under Rule 4(f)(3), the method "must also comport with constitutional notions of due process." *RioProperties*, 284 F.3d at 1016 (citing *Mullane v. Cent. Hanover Bank Tr. Co.*, 339 U.S. 306, 314 (1950)). To comport with due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

Multiple courts have found alternative service via international mail comports with due process. *See United States v. Pomerantz*, No. 16-0689JLR, 2017 WL 1037552, at *4

(W.D. Wash. Mar. 17, 2017); *Ghostbed, Inc. v. Casper Sleep, Inc.*, 315 F.R.D. 689, 694 (S.D. Fla. 2016) (finding that international mail to the address that the defendant provided when registering the domain name would provide notice); *Jenkins v. Pooke*, No. C 07-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009). Similarly, courts have found that service by email is reasonably calculated to provide actual notice. *Facebook*, 2012 WL 1038752, at *2 (finding service by email to be reasonably calculated to provide actual notice in a cybersquatting case); *see also RioProperties*, 284 F.3d at 1016-17 (finding that service via email was the "method most likely to reach" the defendant and concluding that the district court did not abuse its discretion in authorizing service via email).

Similar to the plaintiff in *Ghostbed*, BitTitan requests to effect service on the mailing address that Matrix provided when it registered its site. (*See generally* Rule 4(f) Mot.; Heilman Decl. ¶ 5); *Ghostbed*, 315 F.R.D. at 694. The court, therefore, finds that service of process by international mail to Matrix comports with due process. Additionally, because the suit involves property registered using an email address, service by email is reasonably calculated to provide actual notice. *See Facebook*, 2012 WL 1038752, at *2. Thus, the court also finds that service by email comports with due process. Since either method alone would adequately appraise Matrix of the pendency of the action and afford Matrix its right to present its objections, the court finds that the use of both methods together assures Matrix's right to due process.

//

//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS BitTitan's motion to authorize alternative service of process on Matrix (Dkt. # 11) and ORDERS:

1. BitTitan is authorized to serve Matrix by alternate means as described more fully herein;

2. No later than ten (10) days of the entry of this order, BitTitan shall send to Matrix both via international mail service to 1½ miles, Northern Highway, P.O. Box 1922, Belize City, Belize 1922, and via email to matrixelements.ltd@gmail.com, a copy of this order, the summons issued to Matrix, and a copy of the complaint filed in this action.

3. No later than forty (40) days from the entry of this order, BitTitan shall advise the court of the status of service, including whether any package or email has been returned without being delivered.

Dated this 11th day of May, 2017.

JAMES L. ROBART
United States District Judge